The Honorable Kirk C. Zuelch State Attorney Sixteenth Judicial Circuit Post Office Box 1086 Key West, Florida 33041-1086
Dear Mr. Zuelch:
You ask substantially the following question:
Is a nonprofit corporation qualified under 26 U.S.C. § 501 (3) authorized under s. 849.0935, F.S., to conduct a weekly raffle to benefit local school districts?
In sum:
A nonprofit corporation qualified under 26 U.S.C. § 501 (3) is authorized under s. 849.0935, F.S., to conduct a weekly raffle to benefit local school districts provided the operator has complied with all applicable provisions of Ch. 496, F.S., and the conditions imposed by s. 849.0935, F.S., are satisfied. It may not, however, require an entry fee or contribution in order to participate in the raffle, nor may it discriminate in any manner between entrants who gave contributions and those who did not.
Section 849.09, F.S., makes it unlawful for any person in this state to promote or conduct a lottery for money or anything of value. Section 849.0935(2), F.S., however, states that s. 849.09
"shall not be construed to prohibit an organization qualified under 26 U.S.C. § 501 (3) from conducting drawings by chance, provided that the operator has complied with all applicable provisions of chapter 496."
Section 849.0935(1)(b), F.S., defines "Operator" to mean "an organization qualified under 26 U.S.C. § 501 (3), and its agents, officers, or employees, which promotes, operates, or conducts a drawing by chance." Thus, the statute appears to limit the promotion or operation of a raffle or drawing by chance to a qualified nonprofit organization and its officers, employees, and agents.
In addition, the operator of the drawing and its officers, employees and agents must comply with all applicable provisions of Ch. 496, F.S., the Solicitation of Contributions Act, which imposes certain restrictions and registration requirements on charitable organizations, sponsors and professional solicitors soliciting funds.[1] Questions involving the interpretation of Ch.496, F.S., however, should be addressed to the Division of Consumer Services of the Department of Agriculture and Consumer Services.[2]
Pursuant to s. 849.0935, F.S., however, qualified nonprofit corporations and their officers, employees and agents are authorized to conduct drawings by chance, provided certain conditions specified therein are met.[3] All brochures, advertisements, notices, tickets, or entry blanks used for such drawings must conspicuously disclose:
(a) the rules governing the conduct and operation of the drawing,
(b) the full name of the organization or operator, and its principal place of business,
(c) the source of the funds used to award cash prizes or to purchase prizes, and
(d) the date, hour, and place where the winner will be chosen, unless the brochures, advertisements, notices, tickets, or entry blanks are not offered to the public more than 3 days prior to a drawing.[4]
Enterprises commonly known as matching, instant winner, or preselected sweepstakes which involve the distribution of winning numbers, previously designated as such, to the public are not included within the definition of drawing.[5] Any drawing in which the winner is predetermined by matching, instant win, or preselected sweepstakes or in which the selection of the winners is in any way rigged is prohibited.[6] In addition, it is unlawful for the operator to require an entry fee, payment, proof of purchase, or contribution as a condition of entering the drawing or of being selected to win a prize.[7] Therefore, the nonprofit corporation or its agents distributing the raffle tickets may not require a contribution or donation in order to participate in the raffle. Nor may it arbitrarily remove, disqualify, disallow, or reject any entry or discriminate in any manner between entrants who gave contributions to the operator and those who did not.[8]
It is also unlawful to fail to notify the person whose entry is selected to win that he or she has won or to fail to award the prizes in the manner and at the time stated.[9] Any operator who violates the section is guilty of a misdemeanor of the second degree.[10]
Accordingly, while s. 849.0935, F.S., permits a nonprofit corporation qualified under 26 U.S.C. § 501 (3), and its officers, employees and agents, to promote and conduct a raffle, the conditions set forth in the statute, including the requirement that entering the drawing is not conditioned upon payment or contribution. In addition, the corporation, its officers, employees, and agents have complied with the requirements of Ch.496, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, ss. 496.404(1), (18), and (21), F.S., which respectively define "Charitable organization," "Professional solicitor," and "Sponsor" for purposes of Ch. 496, F.S.
[2] See, s. 496.419, F.S., setting forth the duties and powers of the division.
[3] See, s. 849.0935(1)(a), F.S., defines "Drawing by chance" or "drawing" as:
[A]n enterprise in which, from the entries submitted by the public to the operator of the drawing, one or more entries are selected by chance to win a prize. The term "drawing" does not include those enterprises commonly known as "matching," "instant winner," or "preselected sweepstakes," which involve the distribution of winning numbers, previously designated as such, to the public.
[4] Section 849.0935(3), F.S. And see, s. 849.0935(4)(f), F.S., making it unlawful to print, publish, or circulate literature or advertising material used in connection with the drawing which is false, deceptive, or misleading.
[5] Section 849.0935(1)(a), F.S.
[6] Section 849.0935(4)(a), F.S.
[7] Section 849.0935(4)(b), F.S.
[8] Section 849.0935(4) , F.S.
[9] Section 849.0935(4)(d) and (e), F.S.
[10] Section 849.0935(5), F.S. Such misdemeanor is punishable as provided in s. 775.082, F.S., or s. 775.083, F.S., except when the operator or other person sells or offers for sale a ticket or entry blank for a raffle or drawing by chance which does not note the date, hour and place where the winner will be chosen in violation of s. 849.0935(3)(d), such violation shall be punishable by a fine only as provided in s. 775.083, F.S.